BOLIN, Judge ad hoc.
This suit was consolidated for the purpose of trial with Hobbs v. Sharp, 111 So.2d 189, wherein Clifford C. Hobbs was the plaintiff, but the legal issues involved in both cases are identical.
In the case under consideration, Alice D. Norris made application with the defendant for unemployment benefits under the Louisiana Employment Security Law. Her application for such benefits was made on July 21, 1958.
The Act which is the basis of this controversy is commonly referred to as the Louisi *183 ana Employment Security Law and may be found in LSA-R.S. 23:1471 et seq. The Louisiana Legislature enacted Act 382 of 1958 which amended the general Louisiana Employment Security Law only as to three of its sections. The said Act of 1958 was enacted solely for the purpose of increasing the number of weeks in which benefits might be received by a claimant and also to increase the maximum and minimum weekly amounts which a claimant might receive.
When the 1958 Act became effective on July 30, 1958, the Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana sought an opinion from the Attorney General of Louisiana as to whether or not all claims which had been filed, processed and declared eligible prior to July 30, 1958, should be recomputed and redetermined. Such an opinion was sought by the Administrator in an effort on his part to allow those claimants who had already been processed and declared eligible to receive the higher weekly benefit payment and also for them to receive the extended number of weeks pursuant to the 1958 Act.
Pursuant to this request the Attorney General issued his written ruling, which was to the effect that all claims filed prior to July 30, 1958, should be recomputed and redetermined according to the benefits as set forth under the 1958 Act. Such a redeter-mination was made by the Administrator of all such claims which were pending in his department at that time and, as a result thereof, the plaintiff and appellant in the case now before us was found to be ineligible to receive any benefits at all.
In due course the appellant was notified that her benefits were terminated. Pursuant to the administrative provisions of the said Employment Security Law, the appellant filed an appeal within the agency and her case was regularly tried and decided by the Appeals Referee of the Division of the Department of Security. Mr. William W. Choppin, who was the Appeals Referee assigned to the case, reversed the initial administrative findings of the Division of Employment Security and declared the applicant eligible for all such benefits as she had previously been found to be entitled to under the said Act before being amended by the 1958 Act. Again pursuant to the administrative provisions of the said Act, the decision of the Appeals Referee was appealed to the Board of Review of the Division of Employment Security, which held the appellant ineligible to receive any further benefits under the law in question.
Pursuant to LSA-R.S. 23:1634 the applicant took an appeal to the First District Court for Caddo Parish, Louisiana, from the decision of the Board of Review. Under the provisions of the cited section, the District Court reviewed the evidence and findings of the Board of Review and affirmed the decision of the said Board, and, in connection therewith, assigned written reasons. From the ruling of that court, the applicant has perfected this appeal.
The question raised by this appeal is solely one of law. This case calls upon the courts for the correct interpretation to be given to Act No. 382 of the Louisiana Legislature of 1958, and particularly as to what effect the said Act had on the remaining provisions of the Louisiana Employment Security Act (LSA-R.S. 23:1471 et seq.), which were either amended or not amended by the 1958 Act.
Because Act 382 of 1958 only amended three sections of the Louisiana Employment Security Law, we feel that it would clarify the situation to some extent if the salient features of the law as it existed prior to the amendment were outlined herein. As previously set forth herein, this Act may be found in LSA-R.S. 23:1471 et seq. The original source of these sections as set forth in our Revised Statutes was Act No. 97 of 1936, but, in its present form, is composed of some 242 sections.
Under LSA-R.S. 23, at the beginning of Section 1591 thereof, may be found the heading “Part V. Qualifications for Benefits.” Thereafter follows various sections *184 which we will hereinafter either set forth verbatim or in summary.
Section 1591. This section merely provides how the benefits are generally payable and has no direct application to the case under consideration.
Section 1592.
“Weekly benefit amount
“An individual’s weekly benefit amount shall be 1/20 of his total wages for insured work paid during that quarter of his base period in which such total wages were highest. This amount, if not a multiple of $1.00, shall be computed to the next higher multiple of $1.00; but no weekly benefit amount shall be more than $25.00 nor less than $5.00.”
Section 1593.
“Weekly benefit payable; deductions from weekly benefit amount
“An eligible individual who is employed in any week shall be paid with respect to such week a benefit equal to his weekly benefit amount less that part of the wages, if any, payable to him with respect to such week in excess of $3.00. This benefit, if not a multiple of $1.00, shall be computed to the next higher multiple of $1.00.”
Section 1594. Sets forth the formula for determining a fractional week for the purpose of paying benefits and has no particular bearing on the case at issue.
Section 1595.
“Duration of benefits
“Any otherwise eligible individual shall be entitled during any benefit year to a total amount of benefits equal to whichever is the lesser of (1) twenty times his weekly benefit amount and (2) one-third of his wages for insured work paid during the base period; provided that such total amount of benefits, if not a multiple of $1.00, shall be computed to the next higher multiple of $1.00. For the purposes of this section, wages shall be counted as ‘wages for insured work’ for the benefit purposes with respect to any benefit year only if the benefit year begins subsequent to the date on which the employing unit by whom the wages were paid became an employer within the meaning of this Chapter.”
Section 1596 through 1599. These sections deal principally with the method of determining benefits for seasonal employment and likewise have no application to the case under consideration.
Section 1600.
“Benefit eligibility conditions
“An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that:
“(1) He has made a claim for benefits in accordance with the provisions of R.S. 23:1621 and R.S. 23:1622.
* * * * * *
“(5) He has during his base period been paid wages for insured work equal to not less than thirty times his weekly benefit amount. For the purpose of this subsection, wages shall be counted as ‘wages for insured work’ for benefit purposes with respect to any benefit year only if such benefit year begins subsequent to the date on which the employing unit, by which such wages were paid, became an employer within the meaning of any provision of this Chapter.”
Section 1601.
“Disqualification for benefits
“An individual shall not be eligible for benefits:”
(Thereafter follows the varied and many causes for declaring an applicant ineligible for benefits)
*185 Inasmuch as Section 1600 uses the terms “base period”, “benefit”, and “benefit year”, we should examine the portion of the law which gives a definition of these terms. In this connection we quote LSA-R.S. 23:1472:
“Definitions
* * * * * *
“(4) ‘Base period’ means the first four of the last five complete calendar quarters immediately preceding the first day of an individual’s benefit year.
“(5) ‘Benefits’ means the money payments payable to an individual, as provided in this Chapter, with respect to his unemployment.
“(6) ‘Benefit year’ with respect to any individual means the one-year period beginning with the first day of the first week with respect to which the individual first files a claim for benefits in accordance with R.S. 23:1600 (1), and thereafter the one-year period beginning with the first day of the first week with respect to which the individual next files a claim for benefits after the termination of his last preceding benefit year; provided, that at the time of filing such a claim the individual has been paid the wages for insured work required under R.S. 23:1600 (5).”
Part VI of the Revised Statutes referred to herein is entitled “Determination of Claims — Appeals and Review.” Section 1621 through 1625 generally sets forth the administrative methods used in determining a claim. As these provisions have no application to the case under consideration, we will not burden the record with their contents.
Inasmuch as the next section does have a direct bearing on the outcome of the case now before us, we feel constrained to quote a portion thereof:
Section 1626.
“Redetermination; notice
“The administrator may reconsider a determination whenever he finds that an error in computation or identity has occurred in connection therewith, or that wages of the claimant pertinent to such determination but not considered in connection therewith, have been newly discovered, or that benefits have been allowed or denied or the amount of benefits fixed on the basis of misrepresentation of fact * # »
Act No. 382 of the Louisiana Legislature of 1958, by a simple legislative act, amended only three sections of the Louisiana Employment Security Act. We say that this Act was a “simple legislative act” for the reason that there was nothing said therein declaring it to be emergency legislation, nor was there a savings clause anywhere in the Act. There was, however, the usual repealing clause at the conclusion of the Act.
This Act amended Section 1592 by changing “$25.00” to “$35.00” and “$5.00” to “$10.00.” In other words, this section was amended to increase the maximum amount of benefits from $25.00 to $35.00 and the minimum from $5.00 to $10.00.
The Act also amended Section 1593 by changing “$3.00” to “$5.00.” Otherwise, no changes were made in this section. Obviously the purpose of such an amendment was to allow an unemployed individual to earn $5.00 per week under the new Act rather than $3.00 as under the previous Act.
The Act also amended Section 1595 by changing the words “twenty times” to “twenty-eight times”, and the word “one-third” to “40%”. In other words, this section was amended so as to increase the length of time that an unemployed individual could draw benefits from twenty weeks to twenty-eight weeks, or a total of 40% of *186 his wages during the base period rather than 331/3% under the previous Act.
As previously stated, the controversy in this case was brought about when the Administrator ordered the cases of all people who had previously been declared eligible to be recomputed and redetermined. This action on his part was obviously done in an effort to allow those people who had previously been declared eligible to draw the extended benefits as provided under the 1958 Act. There obviously could not have been any other purpose for this order by the Administrator because the 1958 Act only amended the provisions of the previous law pertaining to the “benefits” and nothing is mentioned therein about eligibility. However, when all of the eligible recipients oir the rolls were re-examined in an effort to thereby provide them with additional benefits, the appellant herein was declared to be “ineligible” to not only receive the additional benefits under the 1958 Act but was declared to be “ineligible” to receive any benefits at all under the entire Act as amended. In the opinion of the Administrator this result was brought about because LSA-R.S. 23:1600(5), which was unamended and unaffected by Act 382 of 1958, provides that in order to be eligible the unemployed individual must have earned thirty times the “weekly benefit amount” during the base period. The appellant had earned thirty times his “weekly benefit amount” of $25.00, which was the “weekly benefit amount” at the time her claim was made and certified as eligible, but she had not earned thirty times $35.00 per week, which was the maximum “benefit amount” after the effective date of the 1958 Act, which was July 30, 1958.
Although the claim of the appellant had-been certified as eligible under all of the provisions of the Employment Security Act, and even though she had actually started drawing unemployment benefits under the law as it existed at the time the claim was made, she was notified that her claim had been “redetermined” as being ineligible as of July 30, 1958.
There was a great deal of time devoted by the appellee in its argument and brief in an effort to show that the appellant had no vested rights as a recipent of the un-emplojunent benefits. The appellant has rightfully conceded in her argument before this court that any such rights granted her under the Employment Security Act were given at the pleasure of the Legislature and as such could be taken away by the same legislative body at their will. However, the appellant does strenuously contend that by the enactment of Act 382 of 1958 the Legislature did not intend to deprive the appellant of any of her statutory rights which had previously accrued under the Act before its amendment. This court is in complete accord with the contentions of the appellant. Our conclusions are based on the fact that the 1958 Act only amended three of the many provisions of the Employment Security Act. It only amended those provisions pertaining to benefits. The title of each of the three sections amended leaves no doubt that these sections deal exclusively with benefits. To say that the Legislature intended to increase the benefits under the Act, and by such actions to also take away certain benefits, is certainly inconsistent and should not be made a ruling of our courts unless such an intent was clearly and unequivocally expressed in the new Act.
Since the appellant had already established the “benefit year” and the “base period” based on her earnings at the time her claim was made, it was physically, as well as legally, impossible to apply any wage formula based on the fact that she did receive a maximum of $35.00 rather than $25.00. This was an impossibility because the 1958 Act, which was passed solely for the purpose of increasing the benefits, was not even in effect until months after her claim was filed, processed and declared eligible. Act 382 of 1958 did not in any way amend Title 23:1600(5), which sets forth the grounds of eligibility, all of which was complied with by the appellant herein *187 and was the basis of her original certification as being eligible.
Title 23: Section 1626 is entitled “Redetermination.” This is the only provision in the Employment Security Act which provides for a “Redetermination” of cases which have previously been declared eligible. This section, which has been quoted hereinabove, permits the Administrator to reconsider an applicant who had previously been declared eligible only when he finds “an error in computation or identity” and also in certain cases of misrepresentation, etc. This section was in no way amended by the 1958 Act. Based on this section alone, we would be compelled to say that the Board of Review and the Court below were in error in upholding the acts of the Administrator in redetermining the claim of the appellant after she had been declared otherwise eligible under Section 1600(5) of the Act, which was likewise unamended.
The appellee contends that Section 1626 has no application in this case because such a provision only sets up those causes which generally allow a redetermination under the provisions of the Employment Security Law. The appellee then contends that a “redetermination” in the instant case was dictated as a matter of law by the passage of Act 382 of 1958. With this reasoning we •can not concur, because if the Legislature had intended to amend Section 1626 to allow a redetermination of those cases which had already been processed and declared eligible, we feel that it was their duty to have expressly so provided in the Act. Such a provision did not appear in the new Act, and, therefore, the Administrator clearly had no right to redetermine the case of the applicant in direct conflict with the provisions of Section 1626.
The opinion of the Attorney General, the findings of the Board of Review and the decision of the lower court seem to be based to a large degree, on the theory that the Legislature intended by Act 382 of 1958 to extend the benefits under the Employment Security Act to as many people as possible. They thereby conclude that if a redeter-mination could not be made of those people who had otherwise been declared eligible under the previous Act, no increased benefits could be given these people under the new Act. The answer to this contention is that this court only has before it the case of the appellant. The trial judge was in error in holding that this suit was, in effect, a declaratory judgment. The trial in the lower court was simply an appeal from the ruling of the Board of Review. The legislative intent, insofar as she is concerned, certainly is favorable to her cause.
As previously pointed out, the only purpose of the Act was to increase benefits and not to take anything away. In this connection, the appellee points out that such a redetermination has already been made of all of those people who were receiving benefits at the time the Act went into effect, and that those people who were eligible to draw the increased benefits have already drawn same and that a decision in favor of the applicant in the case under consideration would, in effect, hold that the Administrator had no right to “redetermine” any cases. This line of reasoning is then projected to the extent that if this applicant is successful in this case, the Administrator would then be forced to recover all of the increased benefits previously paid to other applicants. With this line of reasoning the court cannot let itself be concerned, or, in the event it did consider same, we cannot concur in this conclusion. In the first place, the Legislature cannot be said to intend to do something which it obviously did not do. It definitely did not amend LSA-R.S. 23:1626, which is the only section of the law permitting a reconsideration or redetermination.
If the Administrator takes the position that he has the general authority to reconsider only those cases which would result in increasing the benefits under the theory that the Legislature so intended, we are not in a position to say whether such ac *188 tions would be legal or not, because that question is not presented to us. In this connection we might point out, however, that during the same session, the Legislature of 1958 passed Act No. 531 of 1958, which became effective at the same time as did the Act under question. This Act amended LSA-R.S. 23:1713 so as to permit the Administrator of the Division of Employment Security to waive the right of recovery of any benefits overpaid claimants unless such overpayments were caused by fraud on the part of the claimant. Therefore, the court should not let itself be concerned with the possibility that the Administrator will be forced to recover all of these increased benefits previously paid to other claimants, because, clearly, it would not be necessary for the Administrator to collect any money paid as an overpayment because of his interpretation of the law. In other words, if the court rules in favor of the appellant herein, it will not be necessary for anyone to refund anything.
Even though we do not feel that it is necessary for us to further substantiate our findings that the Board of Review and the Trial Court were in error in refusing benefits to the applicant herein, we feel constrained to further fortify our findings by referring to Act 35 of 1942, which is found in LSA-R.S., Title 24, Section 171, which provides:
“The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.” (Emphasis ours.)
Even though this section has never been interpreted by our appellate courts as to whether or not it applies to a fase similar to the one now before us, the appellant argues that it is controlling in such a situation. In this connection, counsel for the appellant is of the opinion that where a special act has no “savings clause”, that R.S. 24:171 operates as a “general savings clause,” and in this connection we have been cited the case of State v. Dreaux, 205 La. 387, 17 So.2d 559, 561, wherein Justice Higgins, as the organ of the court, had this to say:
"Act 45 of 1942 fails to expressly provide for releasing or extinguishing the penalty provided for in Act 15 of 1928 for those who commit a second felony. Therefore, under the provisions of Act 35 of 1942, that criminal penalty remained in effect. Furthermore, Act 35 of 1942 also expressly provides that the repealed statute ‘shall be treated as still remaining in force for the purpose * * * of such penalty,’ etc.” (Emphasis ours.)
As previously pointed out herein, we do not feel that the Legislature intended nor permitted the redetermination of the case of the applicant herein, but, even if such were the case, we are of the opinion that the general savings clause under LSA-R.S. 24:171 would be applicable to this case and, therefore, the increased benefits under the 1958 Act would not have the effect of removing the benefits under the prior law.
For the reasons stated herein, it is our judgment that the findings of the Board of Review for the Division of Employment Security for the State of Louisiana, and the District Court, be reversed and the decision of the Appeals Referee for the said Division of Employment Security be reinstated and the Administrator of the said Division of Employment Security is ordered to reinstate the applicant for the benefits which she was found to be entitled to under said Act by the said Appeals Referee, without cost to her.
Joint motion was made while this case was on appeal before us to have Richard ¿L Brown substituted as Administrator of *189 the Division of Employment Security of the Department of Labor, State of Louisiana, for the reason that he had replaced Mr. Thomas W. Sharp while the case was pending. This motion was granted by us and the pleadings are thereby accordingly ordered amended to that extent.
HARDY, J., absent.