17 So.2d 559

**STATE v. DREAUX.**

No. 37235.

March 13, 1944.

Edwin I. Mahoney, of New Orleans, for appellant.

Eugene Stanley, Atty. Gen., and J. Bernard Cocke, Dist. Atty., and Joseph F. Monie, Asst. Dist. Atty., both of New Orleans, for appellee.

HIGGINS, Justice.

The defendant filed a motion to set aside the alleged illegal sentence imposed upon him by the district judge as a second offender, under the provisions of Act 15 of 1928, on the ground that at the time he was sentenced Act 45 of 1942, which expressly repealed Act 15 of 1928, was in effect and governed the case.

The trial judge, after a hearing, denied the motion and dismissed the rule. The defendant then reserved a bill of exception and appealed to this court.

The answer to the question as to which of these two statutes is applicable here depends upon the date the defendant became a second offender. The district attorney contends that he was a second offender at the time he committed the second offense, even though he was subsequently charged, tried, and found guilty of the offense and later pleaded guilty to the charge of being a second offender contained in the information filed under the provisions of Act 15 of 1928, generally known as the Habitual Criminal Statute. The Attorney General, who differs with the district attorney, and counsel for the accused are of the same opinion and argue that the defendant became a second offender not at the time he committed the second offense but either at the time he was found guilty thereof, or at the time he pleaded guilty to the charge in the information of being a second offender, or at the time he was sentenced and, therefore, the provisions of the repealing statute, Act 45 of 1942, control the case, because it and not the repealed statute was in effect on those respective dates.

The facts of the case are undisputed and are chronologically as follows:

On July 24, 1942, the defendant committed the crime of assault and robbery. On July 29, 1942, three acts of the regular session of the Legislature of 1942 became effective, namely, Act 43, known as the Louisiana Criminal Code, Act 45, generally referred to as the Habitual Criminal Statute, and Act 35 of 1942, a general saving clause statute. On July 30, 1942, the defendant was charged in a bill of information with the crime of assault and robbery committed on July 24, 1942. On September 24, 1942, he was placed on trial and convicted, as charged. On September 30, 1942, before being sentenced, a bill of information was filed, charging the accused with being a second offender, under Act 15 of 1928, in connection with the crime of assault and robbery committed by him on July 24, 1942. On November 5, 1942, he was arraigned on the charge of being a second offender and pleaded guilty. On November 23, 1942, he was sentenced by the court as a second offender, under the provisions of Act 15 of 1928, to a term of not less than 14 years nor more than 28

years at hard labor in the State Penitentiary. On April 12, 1943, he filed a rule against the State to show cause why the sentence should not be recalled and annulled and why he should not be sentenced in accordance with the less severe provisions of Act 45 of 1942. The rule to show cause was tried and the sentence was upheld, the court holding that the statute in effect at the time the second offense was committed was applicable because of the provisions of the general saving clause act.

 It will be observed that the second offense for which the defendant was convicted occurred on July 24, 1942, or five days before July 29, 1942, the date on which Act 45 of 1942 became effective under the provisions of Article III, Section 27 of the Constitution of this State. Neither Act 15 of 1928 nor Act 45 of 1942 makes it a crime to be a second offender. Each statute merely prescribed a heavier penalty for the repetition of criminal conduct by a person who has been previously convicted of a felony. The punishment is for the second or new crime only and is heavier because the accused is an habitual offender. State v. Ugarte, 176 La. 54, 145 So. 266; State v. Hardy, 174 La. 458, 141 So. 27; State v. Guidry, 169 La. 215, 124 So. 832; Davis v. O'Grady, 137 Neb. 708, 291 N.W. 82, 84; Goodman v. Kunkle, Warden, 7 Cir., 72 F.2d 334–336. The heavier or enhanced punishment being for the new crime only is necessarily incurred at the time the defendant committed the second felony, although the legal proceedings under which his guilt was formally established were had subsequently. Briefly, his own acts and conduct which constitute a violation of the criminal law make him a second offender as of that date. All of the admissible evidence against the accused relates to the particular offense charged in the bill of information or indictment. The trial therefor is simply a legal means through which his guilt or innocence is determined. Obviously, the trial could neither anti-date the crime nor take place simultaneously with its happening and, therefore, must be subsequent thereto. The verdict of the jury is evidence of the fact that he was tried and found either guilty or not guilty. The sentence of the court shows that he was punished for the crime he committed. The proceeding under either of the Habitual Criminal Statutes in question is merely the legal procedure through which the State must establish that the defendant is a second offender. Necessarily, the State must prove that the accused had been previously convicted twice of a felony before he can be punished as a second offender.

If we were to hold that a defendant's status as a second offender was not as of the date that he committed the second felony but the date he was found guilty of the second offense, or the date he pleaded guilty as a second offender, or the date he was sentenced as such, it would be within the power of the district attorneys and the Attorney General, by delaying the filing of the charges and prosecution of the case, to fix the accused's status as a second offender at practically any time he desired. This demonstrates clearly that the defendant's own act in violation of a statute making it a felony establishes his status at

that time as a second offender and not the uncertain date left largely in the discretion of the district attorney or the Attorney General when he will be charged, tried, and sentenced for the commission of the crime.

Article 142 of the Louisiana Criminal Code (Act 43 of 1942) provides:

"This Code shall not apply to any crimes committed before it becomes effective. Crimes committed before that time shall be governed by the law existing at the time the crime was committed."

On July 24, 1942, when the crime of assault and robbery. was committed by the defendant and made the basis for the second offense charged against him, the statute then in effect was Revised Statute, § 809, which reads:

"Whoever shall commit the crime of robbery, shall, on conviction, suffer imprisonment at hard labor not more than fourteen years."

This is the statute under which the defendant was prosecuted and found guilty by the jury of the second felony.

The pertinent part of Act 15 of 1928, provides:

"Section 1. Be it enacted by the Legislature of Louisiana, That any person who, after having been convicted, within this State, of a felony or of an attempt to commit a felony, or who, after having been convicted under the laws of any other state, government, or country, of a crime which, if committed within this State, would be a felony, commits any felony, within this State, upon conviction of such

second offense, shall be punished as follows:

"If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed for a first conviction."

The relevant part of Section 1 and the repealing clause of Act 45 of 1942, read as follows:

"If the second felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction. * * *

"Section 5. Act No. 15 of 1928 and Section 974 of Revised Statutes of 1870 and all other laws or parts of laws in conflict herewith, are hereby repealed."

This statute became operative under the Constitution, July 29, 1942, on which date Act 35 of 1942, a general saving clause statute, also went into effect, the pertinent part of which reads:

"* * * That the repeal of any statute shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such statute unless the repealing act shall expressly so provide, and such statute shall be treated as still remaining in force for

the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

Act 45 of 1942 fails to expressly provide for releasing or extinguishing the penalty provided for in Act 15 of 1928 for those who commit a second felony. Therefore, under the provisions of Act 35 of 1942, that criminal penalty remained in effect. Furthermore, Act 35 of 1942 also expressly provides that the repealed statute "shall be treated as still remaining in force for the purpose * * * of such penalty," etc.

In Interpretation of Laws—Statutory Construction—(Earl T. Crawford, 1940), Chapter 26, Section 300, page 612, we find:

"Saving Clauses.

"* * * If the saving clause is a general one, that is, applicable to all repealing acts, it is considered as merely declaratory of a rule of construction. But whether they are general or not, they are regarded as much a part of every repealing act as if written therein. Nevertheless, they are subject to repeal by subsequent acts; that is, they will not save from repeal any provision whose repeal is clearly intended by the legislature by the later act. To hold otherwise would abridge or limit the legislative power of the various later legislatures, by the enactment of irrepealable legislation."

In Sutherland Statutory Construction, 3rd Ed., Horack, Vol. 1 (1943), Chapter 20—Repeals and Repealing Acts—Section 2042, page 522, it is stated:

"Effect of Repeal—Retroactivity—In General. The effect of the repeal of a statute where neither a saving clause nor a general saving statute exist to prescribe the governing rule for the effect of the repeal, is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed. * *"

█ It is our opinion that the defendant became a second offender on the date that he committed the criminal acts which constitute the second felony and was subject to the punishment provided for by the law, as it existed on that date, in view of the saving clause in Act 35 of 1942.

█ The defendant states that he should not be more harshly and severely punished by sentencing him under Act 15 of 1928 instead of the more liberal statute, Act 45 of 1942, simply because he committed the second offense five days before the latter statute went into effect. He argues that the subsequent statute shows definitely the legislative policy to deal less severely with second offenders than they were heretofore and, consequently, he should receive the benefit of the new statute, especially since it was in effect at the time he was sentenced. We have already answered the legal aspects of this contention and the questions of policy and equity are matters which address themselves to the Board of Pardons and not to this Court.

█ The legality of the sentence is also challenged on the ground that under the law it should have been a determinate and not an indeterminate sentence. Act 98 of 1936, amended Article 529 of the Code of Criminal Procedure so as to except the

crime of robbery from the provisions of the mandatory indeterminate sentence statute, in order that a defendant convicted of this aggravated type of offense could be more severely punished through a determinate sentence. Act 15 of 1928 grants to the trial judge the authority to inflict additional punishment upon a second offender but does not require him to impose an indeterminate sentence, the provisions therein simply covering the extent of the punishment, that is, the imprisonment cannot be less than a certain period of time nor greater than a certain period of time. Now, the offense of robbery was committed by the defendant on July 24, 1942, and on that date the provisions of Act 98 of 1936 were in effect. Act 46 of 1942 amended ·Article 529 of the Code of Criminal Procedure to read:

"Article 529. Whenever any person is sentenced to imprisonment, after having been found guilty of a crime upon verdict or plea, it shall be the duty of the judge to impose a determinate sentence."

Therefore, since the statute (Act 98 of 1936) in effect at the time the defendant committed the second felony and the statute (Act 46 of 1942) in effect at the time that he was found guilty thereof and subsequently pleaded guilty as a second offender and was sentenced as such, both require the judge to impose a determinate sentence, there can be no doubt that the judge was without authority to inflict an indeterminate sentence.

For the reasons assigned, it is ordered, adjudged and decreed that the indeterminate sentence of the defendant is annulled and set aside and the case is remanded to the Criminal District Court for the Parish of Orleans, in order that a determinate sentence be imposed upon the defendant, in accordance with the law.