384 So.2d 399 (1980)
STATE of Louisiana
v.
Bruce E. WRIGHT.
No. 66198.
Supreme Court of Louisiana.
May 19, 1980.
*400 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jerry G. Jones, Dist. Atty., for plaintiff-appellee.
Kenneth E. Badon, Lake Charles, for defendant-appellant.
MARCUS, Justice.[*]
Bruce E. Wright was charged by information with theft of livestock in violation of La.R.S. 14:67.1. Defendant withdrew his former plea of not guilty and entered a plea of guilty as charged. After determining that the plea was made voluntarily with understanding of the nature of the charge, the trial judge accepted the plea of guilty. A pre-sentence investigation was ordered. Subsequently, defendant was sentenced to serve three years at hard labor. On appeal, defendant relies on one assignment of error for reversal of his sentence.
Defendant contends the trial judge erred in failing to comply with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1. He further argues that the sentence imposed is excessive.
La.Code Crim.P. art. 894.1 provides:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
Defendant was sentenced along with a number of other persons who had entered guilty pleas to charges relating to the theft of livestock. Addressing the entire group, the trial judge noted that their activity constituted a continuing criminal conspiracy with an adverse economic impact on the victims and that the legislature "has pointed out in the past that they are interested in the discouragement of the theft of livestock." In sentencing defendant to serve *401 three years at hard labor, the trial judge stated that he was particularly disturbed by the fact that defendant had induced his stepson to participate in the crime, resulting in his stepson having "a felony on his record." He further noted that he disbelieved defendant's explanation that he was unaware that cattle were being stolen. Defendant objected to the sentence on grounds that the trial judge failed to comply with art. 894.1 and that the sentence was excessive.
Article 894.1 requires each sentence to be individualized. The trial judge must state for the record the considerations taken into account and the factual basis for imposing sentence. State v. Jackson, 360 So.2d 842 (La.1978). As stated in Jackson at 844:
The considerations taken into account by the trial judge should be based upon factual determinations. Among the numerous matters to be reviewed are: the defendant's personal history (e. g., age, marital status, dependents, family stability, employment, mental, emotional, and physical health); the defendant's prior criminal record; the seriousness of the crime; the circumstances of the offense; the likelihood that defendant will commit another crime; and his potential for rehabilitation through correctional services other than confinement.
In the instant case, the trial judge stated only one factor considered by him in imposing sentence. The trial judge's disbelief of defendant's explanation of his involvement in the crime supports the judge's acceptance of defendant's plea of guilty, but it should not be used as a factor in imposing sentence. The record reflects that defendant had no prior criminal record and had made restitution to the victims.
A matter of particular concern to us is the possible failure of the trial judge to consider the recent amendment to the penalty provision of La.R.S. 14:67.1 in his determination of the sentence to be imposed. La.Acts 1979, No. 184, § 1 greatly reduced the penalty for the crime of theft of livestock. Prior to the 1979 amendment, La. R.S. 14:67.1 provided for a penalty of imprisonment at hard labor of "not less than one nor more than ten years [for the first offense]." As amended, the penalty provides for imprisonment for the first offense of "not more than one year" and a fine of "not more than one thousand dollars or both." The amendment was approved by the Governor on July 3, 1979, but did not become effective until September 7, 1979.
As a general rule, the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Gros, 205 La. 935, 18 So.2d 507 (1944), cert. denied, 326 U.S. 766, 66 S.Ct. 170, 90 L.Ed. 462 (1945). The instant offense was committed on July 28, 1979, prior to the effective date of the amendment. Hence, the pre-amendment penalty provision was applicable to defendant. Defendant entered his guilty plea on august 27, 1979, and was sentenced on October 9, 1979 (subsequent to the effective date of the amendment).
Under these circumstances, while the lesser penalty afforded by the amendment was not applicable to defendant, it certainly should have been considered by the trial judge in determining the sentence to be imposed. La.Code Crim.P. art. 894.1(A)(3) provides that the court should impose a sentence of imprisonment if "[a] lesser sentence will deprecate the seriousness of defendant's crime." The amendment reducing the penalty for the crime of livestock theft represents a legislative determination relative to the "seriousness of the crime." Hence, the trial judge should have considered the amendment in imposing sentence, and we should consider it in reviewing the excessiveness of the sentence imposed.
Since we are unable to review the excessiveness of defendant's sentence because it was imposed without proper compliance with La.Code Crim.P. art. 894.1, we must set aside the sentence and remand for resentencing.

*402 DECREE
For the reasons assigned, the conviction is affirmed; the sentence is vacated and set aside and the case is remanded to the district court for resentencing of defendant according to law and consistent with the views herein expressed.
NOTES
[*] The Honorable EDWIN W. EDWARDS participated in this decision as an Associate Justice Ad Hoc.