839 So.2d 291 (2003)
STATE of Louisiana
v.
Torey R. HARRIS.
No. 02-KA-873.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
*292 Paul D. Connick, District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and MARION F. EDWARDS.
DALEY, Judge.
The defendant was convicted of distribution of cocaine and was sentenced to 30 years. He was then adjudicated a third felony offender and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He has appealed his sentence. For the reasons that follow, we affirm.
LAW AND DISCUSSION:
In his first Assignment of Error, the defendant argues that his sentence is excessive. He contends that the trial judge should have sentenced him under the 2001 amendment to LSA-R.S. 15:529.1 because the enhanced sentence was imposed after the effective date of the amendment. Alternatively, the defendant contends that his life sentence as a third felony offender is excessive because the trial judge should have at least considered the amendment when imposing sentence. The State responds that the trial judge properly applied the pre-2001 provisions of 15:529.1 because the defendant committed the underlying offense before 2001. Further, the State responds that the sentence was the mandatory minimum and, therefore, was not excessive.
The Louisiana Legislature enacted Act 403, which became effective on June 15, 2001. 2001 La. Acts 403, § 7. It amended the penalty provisions of numerous statutes, including the underlying offense in this case and the penalty provisions under the habitual offender statute for third and fourth felony offenders. Where there has been an ameliorative change in the penalty provision of a statute that takes effect after the date of the offense, but before trial or final judgment, it is the rule in this State that the penalty provision in effect at the time of the offense is the applicable provision. State v. Dreaux, 205 La. 387, 17 So.2d 559 (1944). See also State v. Wright, 384 So.2d 399 (La.1980); State v. Paciera, 290 So.2d 681 (La.1974).
Since the effective date of Act 403, this Court has held that the pre-amendment version of LSA-R.S. 15:529 applies when the underlying offense is committed before the effective date of Act 403, even when the sentence is imposed after Act 403's effective date. See, State v. Ventress, 01-1165 (La.App. 5 Cir. 4/30/02), 817 So.2d 377, 380-383; State v. Flagg, 01-965 (La. App. 5 Cir. 3/26/02), 815 So.2d 208, 209-212, with this author dissenting with reasons. This author believes for the reasons set forth in the dissent in Flagg that the habitual offender statute should be applied as amended, but reluctantly defers to the majority position of this court. By failing to apply the current amendments to the habitual offender statute, unnecessary constitutional excessiveness claims will have to be reviewed.
The Supreme Court has addressed penalty provisions that were amended by Act 403. In State v. Sugasti, 01-770 (La.App. 5 Cir. 11/27/01), 802 So.2d 943, this Court considered the applicability of Act 403 to a defendant who was charged with possession *293 of heroin in violation of LSA-R.S. 40:966(C). In Sugasti, the trial judge imposed the newer, more lenient sentencing provisions, despite the fact that they became effective after the commission of the underlying offense. This Court vacated the sentence, holding that the law in effect at the time of the commission of the offense determines the penalty. The Louisiana Supreme Court affirmed that decision, stating:
While we are aware of the general tenor of the legislation enacted during the 2001 Regular Session with regard to sentencing provisions, we are also cognizant of the fact that sentencing is the province of the legislature. Had it been the intention of the legislature to have the statute apply to all sentences imposed following the effective date of the statute, it could have written the statute to so state.
. . . .
Policy reasons mitigate against holding that the amendment to LSA-R.S. 40:966(C) applies to anyone sentenced after June 15, 2001, regardless of when the offense was committed. To do so would encourage defendants to continually delay prosecution in hope that the legislature would enact more lenient sentences. Additionally, it would be grossly unfair to two defendants who commit the same crime on the same day to be sentenced under different penalties should one defendant successfully delay punishment until after the benefits of a reduced penalty go into effect.
. . . .
Everyone is presumed to know the law, including the penalty provisions that apply. As such, those who engage in criminal activity must face the consequences of their actions, including the penalty provisions that apply as of the date of the offense.
State v. Sugasti, 01-3407(La.6/21/02), 820 So.2d 518, 521-522 (footnotes omitted).
When the defendant in the instant case committed the underlying offense on April 6, 2000, distribution of cocaine was punishable by imprisonment at hard labor for not less than five nor more than thirty years, with the first five years of the sentence to be served without benefit of parole, probation, or suspension of sentence and a possible fine of not more than $50,000.00. LSA-R.S. 40:967 B(4)(b).[1] At that time, LSA-R.S. 15:529.1(A)(1)(b)(ii) provided for the imposition of a life sentence without benefit of parole, probation, or suspension of sentence:
If the third or either of the two prior felonies is a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years....
At the habitual offender hearing, the State proved that the defendant had previously been convicted of possession of cocaine in 1994 and possession with intent to distribute cocaine in 1996. In this case, the defendant's underlying offense and the 1996 predicate are violations of the Uniform Controlled Dangerous Substances Law punishable by more than five years. LSA-R.S. 40:967 B(4)(b). Therefore, under the habitual offender statute as it existed at the time of the commission of this offense (April 6, 2000), the defendant was subject to an enhanced mandatory minimum sentence of life imprisonment at hard *294 labor without benefit of parole, probation, or suspension of sentence.
In light of this Court's jurisprudence and the Louisiana Supreme Court's holding in Sugasti, we find that the trial judge properly applied the version of 15:529.1 in effect at the time of the commission of the underlying offense when imposing the enhanced life sentence upon defendant.
In support of his excessiveness argument, the defendant contends that the trial judge should have considered the ameliorative changes to the habitual offender statute. The record does not reflect that the defendant made or filed a Motion to Reconsider his Sentence pursuant to LSA-C.Cr.P. art. 881.1. The failure to file a Motion to Reconsider Sentence, or to state specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. See, State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied by State v. Patterson, 99-3217, (La.4/20/00), 760 So.2d 342. Accordingly, we will review the defendant's sentence for constitutional excessiveness.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992).
The Louisiana Supreme Court has recognized that a mandatory minimum sentence under the Habitual Offender Law may still be reviewed for constitutional excessiveness. State v. Lindsey, 99-3256, 99-3302 (La.10/17/00), 770 So.2d 339, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001); State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Dorthey, 623 So.2d 1276 (La.1993). The Dorthey court specifically held that when a trial court determines the minimum sentence mandated by LSA-R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the trial judge must reduce the sentence to one that would not be constitutionally excessive. Dorthey, at 1280. However, the Johnson court cautioned that a trial judge's determination that a mandatory minimum sentence is excessive requires more than merely uttering the above-quoted phrases. Id. at 676.
Moreover, "a sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality." State v. Johnson, 709 So.2d at 676. In order to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is "exceptional, which ... means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case." Johnson, 709 So.2d at 676.
When evaluating whether the defendant has met his burden, the trial court must be mindful of the goals of the Habitual Offender *295 Law, which are to deter and punish recidivism. Further, if the trial court finds clear and convincing evidence that justifies reducing the mandatory minimum sentence, the court cannot impose whatever sentence it may feel is appropriate. Rather, the trial court must impose the longest sentence that is not constitutionally excessive with specific reasons to explain why that sentence is the longest sentence that is not constitutionally excessive. Johnson emphasized that a downward departure from the minimum sentence mandated by LSA-R.S. 15:529.1 should only occur in "rare situations." State v. Johnson, 709 So.2d at 677.
In the present case, no argument was made and no evidence was presented at the time of sentencing regarding a downward departure from the mandatory minimum life sentence. Therefore, we find that the defendant failed to carry his burden under Johnson, and conclude that the defendant's life sentence is not excessive.
In his second Assignment of Error, the defendant contends that the trial judge, Judge Bodenheimer, should have recused himself from the defendant's narcotics distribution case. Specifically, the defendant asserts that, after defendant was sentenced, "it has been revealed that the judge for a time worked as a narcotics informant for the very law enforcement agency that built the case" resulting in defendant's conviction. Defendant further asserts that it has been alleged that Judge Bodenheimer "conspired to plant narcotics in the vehicle of a critic." These circumstances, according to defendant, warranted the trial judge's recusal. The State responds that, although it is "aware of the judge's situation," the record does not contain any evidence supporting the defendant's claims in this Assignment of Error.
In the present case, the record reflects that the defendant did not move to recuse the trial judge. Code of Criminal Procedure article 672 provides that a judge may recuse himself, however, we find nothing in the record to indicate that the trial judge should have recused himself.
Both the Louisiana Supreme Court and this Court have recognized that courts of appeal have no authority to receive or review evidence not contained in the district court record. State v. Oubichon, 422 So.2d 1140, 1141 (La.1982); State v. Bibb, 626 So.2d 913, 924 (La.App. 5 Cir.1993), writ denied, 93-3127 (La.9/16/94), 642 So.2d 188. The district court record does not contain one scintilla of evidence supporting the defendant's claims in this Assignment of Error. Accordingly, this assignment presents nothing for this Court to review on appeal. The defendant is not without a remedy, however. The defendant's claim would be more properly raised in an Application for Post-Conviction Relief. See LSA-C.Cr.P. art. 924 et seq.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no patent errors in this case.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Act 403 also reduced the penalty for distribution of cocaine and possession with intent to distribute cocaine. Under the amended version of 40:967 B(4)(b), the sentencing range for these offenses is imprisonment at hard labor for not less than two and not more than thirty years, with the first two years of the sentence to be served without benefit of parole, probation, or suspension of sentence with a possible fine of $50,000.00.