817 So.2d 377 (2002)
STATE of Louisiana
v.
John VENTRESS.
No. 01-KA-1165.
Court of Appeal of Louisiana, Fifth Circuit.
April 30, 2002.
*379 Paul D. Connick, Jr., District Attorney, Parish of Jefferson, State of Louisiana, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, for State of Louisiana, Plaintiff-Appellant.
Kevin V. Boshea, New Orleans, LA, for John Ventress, Defendant-Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On November 2, 2000, defendant, John Ventress, was charged with the September 6, 2000 aggravated flight from an officer. LSA-14:108.1. He was arraigned on November 6, 2000 and entered a plea of not guilty.
On July 9, 2001, the date set for trial, the defendant indicated he wished to plead guilty to aggravated flight. He was advised of his constitutional rights, including the three core rights, and executed a Waiver of Rights form containing the sentence agreed upon prior to the plea. The trial judge questioned the defendant concerning his understanding of his waiver of rights before accepting the negotiated guilty plea. Thereafter, the trial judge sentenced the defendant to 16 months' imprisonment at hard labor, the agreed-upon sentence.
On the same date, the State filed a multiple bill wherein it alleged that the defendant was a third-felony offender, having a prior conviction for attempted first degree murder (LSA-R.S. 14:27:30) and a prior conviction for possession of cocaine (LSA-R.S. 40:967 C). After being advised of his rights, Ventress admitted his identity and the prior convictions contained in the State's multiple bill. The defendant executed a waiver of rights form, which contained a statement that the court agreed to sentence him to "16 months DOC, with full credit served." The trial judge vacated the original sentence and resentenced the defendant as a third-felony offender to 16 months' imprisonment at hard labor, with credit for time served.
The State objected to the sentence as being illegally lenient. On July 13, 2001, the State filed a written motion for appeal.[1]

*380 FACTS

The facts are those derived from the arrest report:
On September 6, 2000, police observed a suspect, later identified as John Ventress, as he drove at a rate of speed of 97 miles per hour on Clearview Parkway, in Jefferson, which has a posted speed rate of 60 miles per hour. He disregarded the attempts by officers to stop him. He accelerated to 100 miles per hour, ran a red light, and straddled a double yellow line in the roadway before losing control of the vehicle and hitting a parked car. Ventress fled on foot. When apprehended, the suspect struggled with the police. He was eventually subdued, charged with the present offense and seven additional legal violations.

DISCUSSION
The State contends that the sentence imposed on defendant as a third-felony offender is illegally lenient. LSA-R.S. 15:529.1. The State argues that whether the trial judge erroneously imposed sentence under the multiple offender statute, as amended, or made a downward departure from the mandatory sentence required for third felony offenders, who have a prior conviction for a crime of violence, the court nonetheless erred. LSA-R.S. 15:529.1(A)(2)(b)(ii), as amended by 2001 La. Acts 403.
The defendant argues that the sentence imposed was correct. He contends that the amendments to the multiple offender sentencing provision were in conflict with those contained in the statute prior to its amendment and, therefore, when faced with the conflict, the trial judge was required to impose the more lenient sentence.
At the time of the commission of the current offense, September 6, 2000, aggravated flight carried a penalty of imprisonment at hard labor for a term of up to two years. LSA-R.S. 14:108.1(E).
At the time of the commission of the current offense, the enhanced penalty provision for third-felony offenders provided, in part, as follows:
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or
(ii) If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substance Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation or suspension of sentence.

LSA-R.S.15:529.1(A)(2)(b)(i), (ii).
Therefore, under the multiple offender statute as it existed at the time of the commission of the present offense, defendant, with a prior conviction for a crime of violence, would have been subject to imprisonment "for the remainder of his natural life, without benefit of parole, probation or suspension of sentence." LSA-R.S. 15:529.1(A)(2)(b)(ii).
During the 2001 Regular Session, the Louisiana Legislature enacted Act 403, which became effective on June 15, 2001. 2001 La. Acts 403, Section 7. The Act amended the penalty provisions of numerous *381 statutes, including the penalty provisions under the Multiple Offender Statute for third-felony offenses. LSA-R.S. 15:529.1, as amended by 2001 La. Acts 403, Section 2.
The amended provisions of the Multiple Offender Statute currently provide as follows:
LSA-R.S.15:529.1. Sentences for second and subsequent offenses; certificate of warden or clerk of court in the State of Louisiana as evidence:
A. (1) Any person who, after having been convicted within this State of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other State or of the United States, or any foreign government of a crime which, if committed in this State would be a felony, thereafter commits any subsequent felony within this State, upon conviction of said felony, shall be punished as follows:
. . . .
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
. . . .
(ii) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of the commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation or suspension of sentence.
(Bold indicates changes in the law).
In the present case, defendant has one prior conviction for a crime of violence (i.e., attempted first degree murder, LSA-R.S. 14:2(13)(b)). Hence, under the amended multiple offender statute, if applicable, the sentencing provision for this defendant would be LSA-R.S. 15:529.1(A)(2)(b)(i), with a sentencing range for this case of between 16 months and four years.[2] The judge applied the amended sentencing provision and sentenced defendant to 16 months, as a third-felony offender.
On appeal, the State argues that the Multiple Offender Statute, as amended by 2001 La. Acts 403 is inapplicable to this defendant. We agree.
In recent decisions by this Court, the application of sentencing provisions amended by 2001 La. Acts 403 was discussed. This Court's most recent decision is State v. Joseph Flagg, 01-965 (La.App. 5 Cir. 3/26/02), 815 So.2d 208. In that case, defendant pled guilty to possession with the intent to distribute cocaine, a violation of LSA-R.S. 40:967 A. The incident leading up to the guilty plea occurred on September 13, 2000. Pursuant to the plea agreement, defendant was sentenced to 20 years imprisonment at hard labor, and the State subsequently filed a multiple bill of information, alleging that defendant was a fourth felony offender pursuant to LSA-R.S. *382 15:529.1 A(1). At the multiple bill hearing on July 17, 2001, the State offered evidence of three prior felony offenses all for possession of cocaine, each of which had a maximum sentence of five years at hard labor. Defendant pled guilty to the multiple bill, and the trial court resentenced defendant under the statute as amended by Act 403 of 2001 to 20 years at hard labor. The trial court reasoned that because the multiple offender hearing occurred after the effective date of the amendment to the statute, the amendments applied to the sentencing of defendant. The State appealed on the basis that the trial court erred in applying the amended statute, and that under the law at the time of the offense, defendant should have received a life sentence. A panel of this Court, agreeing with previous decisions of this Court, found that the trial court erred in applying the multiple bill statute as amended to defendant's sentence. The sentence was vacated, and the case was remanded with reservations of defendant's right to withdraw his guilty plea which was based on a belief that the sentence imposed would be 20 years.
In our decision in Flagg, we relied on previous holdings from this Court. In one previous decision, the subject arose in a State appeal wherein the State contested the defendant's sentence as being illegally lenient where the trial court judge imposed a suspended sentence for a conviction for heroin possession, first offense, after applying 2001 La. Acts 403. State v. Sugasti, 01-770 (La.App.5 Cir. 11/27/01), 802 So.2d 943.[3] At the time of the commission of the offense, suspension of sentence was not allowed for the crime of possession of heroin. LSA-R.S. 40:966 C. Effective June 15, 2001, LSA-R.S. 40:966 C was amended by Act 403 to delete the sentencing provision that the sentence was to be served "without benefit of probation or suspension of sentence."
In Sugasti, at p. 6, 802 So.2d at 946, this Court found that the trial judge erred in sentencing the defendant under the amended version of LSA-R.S. 40:966 C, and reasoned as follows:
In the instant case, the defendant committed the crime of possession of heroin on September 5, 1998, which is prior to the effective date of the amendment to LSA-R.S. 40:966, which was June 15, 2001. Although the trial judge was permitted to consider the ameliorative changes in the law, he erred when he suspended the defendant's sentence in derogation of the sentencing provision applicable at the time of the offense. Therefore, the defendant's sentence is illegal and must be vacated.
This Court has also issued a writ disposition on the same issue addressed in this opinion involving the applicability of the amended version of the penalty provisions for fourth-felony offenders under the multiple offender statute. LSA-R.S. 15:529.1. State v. Jordan, 01-KH-1034 (La.App. 5 Cir. 10/12/01).[4] In Jordan, the defendant pleaded guilty to possession of goods in excess of $500. LSA-R.S. 14:67.10. He was then billed as a fourth-felony offender. LSA-R.S. 15:529.1. Defendant moved to quash the multiple bill on the basis that he had already been prosecuted as an habitual offender for an offense arising out of the same criminal episode, and he argued alternatively that, if the multiple bill was not quashed, the newly amended version of LSA-R.S. 15:529.1 should apply. LSA-R.S. *383 15:529.1(A)(2)(c), amended by 2001 La. Acts 403. The trial judge ruled against the defendant on both grounds. Prior to imposition of sentence as a multiple offender, Jordan filed an application for writs with this Court from the trial court's ruling that the amended version of the Multiple Offender Statute did not apply. In addressing that issue in Jordan, at p. 2, this Court upheld the trial court's ruling and stated:
Second, considering whether the new law or the law in effect at the time of the offense should apply to the habitual offender proceedings, we again find no error in the trial court determination that the law (i.e., Multiple Offender Statute) prior to its amendment should apply.
In the present case, in support of his contention that the judge imposed the correct sentence, defendant alleges that the penalty provisions under the old and amended versions of the multiple offender statute are in conflict and therefore as a matter of legislative construction, the later enactment should control. In this regard, he cites State v. Piazza, 596 So.2d 817 (La.1992). The defendant's argument is misplaced. In Piazza, the State legislature enacted two statutes containing conflicting penalty provisions for the same crime, each without recognition of the existence of the other statute. Clearly that is not the case here. In the enactment of 2001 La. Act. 403, the legislature was cognizant that it was amending a number of criminal statutes, with the intent to prospectively lessen prison overcrowding. A reading of the enactment makes this apparent, that the legislature did not intend that the old and new versions of the statute should apply at the same time. For the reasons discussed in Flagg, Sugasti, and Jordan, the pre-amendment version of the multiple offender statute was applicable to crimes committed prior to June 15, 2001 and LSA R.S. 15:529.1, as amended by 2001 La. Acts 403, applies to crimes committed after the effective date of the amendment. Accordingly, the defendant's argument is groundless.
The State next argues that the sentence imposed was illegal even if the trial judge utilized the old version of LSA-R.S. 15:529.1(A)(2)(b)(ii) but made a downward departure from the mandatory sentence. This argument also has merit.
The Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. In State v. Dorthey, 623 So.2d 1276, 1280 (La.1993) and State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676, the Louisiana Supreme Court recognized that a mandatory minimum sentence under the Habitual Offender Law may still be constitutionally excessive.
The court in Dorthey, supra, 623 So.2d at 1280, specifically held that when a trial court determines the minimum sentence mandated by the Habitual Offender Law makes no "measurable contribution to acceptable goals of punishment" or when the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the trial judge must reduce the sentence to one that would not be constitutionally excessive. The court in Johnson, supra, at 676, cautioned that a trial judge's determination that a mandatory minimum sentence is excessive requires more than merely uttering of these stated phrases.
The sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 709 So.2d at 676. A court may *384 only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it that would rebut the presumption of constitutionality. Id. at 676.
When seeking to rebut the presumption of constitutionality, the defendant must show by clear and convincing evidence that he is "exceptional, which ... means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case." State v. Johnson, 709 So.2d at 676. Downward departures should only occur in rare situations. Id. at 677.
When evaluating whether the defendant has met his burden, the trial court must be mindful of the goals of the Habitual Offender Law, which was enacted to deter and punish recidivism. State v. Johnson, 709 So.2d at 677. If a downward departure is warranted, the sentencing court must impose the longest sentence that is not constitutionally excessive, with specific reasons as to why this sentence is not constitutionally excessive. Id. at 677.
In the present case, the defendant presented no evidence to rebut the presumption that the mandatory sentence of life, without benefits of parole, probation or suspension of sentence, was unconstitutional. Under these circumstances, a downward departure is unwarranted. Accordingly, if defendant's sentence in this case resulted from the trial judge making a downward departure in the application of the applicable penalty statute, we find such to be error.
For the reasons assigned herein, the defendant's sentence is illegally lenient and must be vacated. Although this Court has the authority to correct an illegal sentence, the facts indicate the defendant's admission to the multiple bill resulted from a negotiated agreement with the trial court judge that defendant would receive a sentence of 16 months, if he admitted to the allegations of the multiple bill. LSA-C.Cr.P. art. 882. Under these circumstances, the sentence must be vacated and the case remanded to the trial court for further proceedings, with the reservation of defendant's right to withdraw the original guilty plea as well as the plea to the multiple bill. State v. Guilbeaux, 99-591 (La.App. 5 Cir. 11/10/99), 749 So.2d 16, 18-19.
As in our decision in Flagg, we note that the trial judge may consider the legislative change in the penalty as evidence of its intent. State v. Clark, 391 So.2d 1174, 1176. And, although the life sentence is mandatory in this case, the trial judge is permitted to deviate from the mandatory sentence imposed by LSA-R.S. 15:529.1 if he finds, and articulates in the record, that the mandated punishment is unconstitutionally excessive. State v. Dorthey, supra, 623 So.2d 1276 (La.1993).

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals one error patent in this case.
At the initial sentencing of the defendant, the trial court advised him that he had "two years from today's date to seek post-conviction relief." At the time of the multiple bill sentencing the court did not advise defendant of the prescriptive period for filing for post-conviction relief. LSA-C.Cr.P. art. 930.8. The judge's instruction to the defendant was not correct, because the two years runs from the date *385 the conviction and sentence become final. State v. Williams, 98-651 (La.App. 5 Cir. 2/10/99), 729 So.2d 14, 22. However, considering our ruling to vacate defendant's sentence, this issue is moot and no corrective action is necessary.

DECREE
Accordingly, we vacate the defendant's enhanced sentence and remand the case to the trial court for further proceedings consistent with this opinion.
SENTENCE VACATED; CASE REMANDED.

APPENDIX A

STATE OF LOUISIANA

VERSUS

SHONE C. JORDAN

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

NO. 01-KH-1034

WRIT DENIED.
Defendant, Shone Jordan, was charged on January 28, 1998 by bill of information with the crime of theft of goods valued at over $500, in violation of La. R.S. 14:67.10. On March 27, 2000, Defendant pled guilty as charged. On December 7, 2000 Defendant was charged, under La. R.S. 15:529.1, as a fourth habitual offender. Prior to the hearing as a habitual offender, La. R.S. 15:529.1 was amended by the Legislature, effective June 15, 2001, resulting in a decrease in the penalty exposure in this case. On July 19, 2001 defense counsel, at a pretrial hearing, argued to the trial court that the habitual offender bill of information should be quashed because the Defendant had already been prosecuted as a habitual offender for an offense arising out of the same criminal episode (manslaughter). In the alternative, defense counsel argued that, if the habitual offender bill of information was not quashed, then the newly amended provisions of La. R.S. 15:529.1 should apply, rather than the former provisions. The trial court ruled against the Defendant of both issues. It is from those rulings that Defendant sought review here. For the following reasons, we find no error in the trial court rulings.
First, whether or not the habitual offender bill of information should be quashed, the lead case on this point is State ex rel. Porter v. Butler, 573 So.2d 1106 (La. 1991). InPorter, the Supreme Court held that "policy considerations support the continued viability of the rule precluding habitual offender enhancement of more than one conviction obtained the same date arising out of a single criminal act or episode." Defendant, in argument, seeks to expand the test set out in Porter to a "continuous" criminal episode rather than, as written, to a "single" criminal episode. We see no reason for such an expansion. This Defendant shoplifted at Dillards Lakeside. He then had an altercation in an automobile with a police officer in the parking lot in which he attempted to kill the officer. He then fled in the vehicle several miles down Causeway Boulevard to Airline Highway. When the Defendant got to Airline Highway, he lost control of his vehicle, struck an oncoming vehicle and killed its three occupants. The manslaughters and the shoplifting are simply not "a single criminal act or episode." Further, the convictions were not obtained on the same day. Thus, we find that Porter does not preclude the filing of the habitual offender bill of information against this Defendant based on the shoplifting *386 charge because he has already been multiple billed on the manslaughter.
Second, considering whether the new law or the law in effect at the time of the offense should apply to the habitual offender proceedings, we again find no error in the trial court determination that the law prior to its amendment should apply. While this issue presents a closer question, and some states have held that the new law would apply under similar circumstances, that has not heretofore been the holding in this state. The leading case on this point is State v. Clark, 391 So.2d 1174 (La. 1980), which held that the law in effect at the time the offense is committed is applicable. That holding has not been overturned. See also, State v. Jones, 99-2207 (La. 1/30/01 [1/29/01]), 778 So.2d 1131; State v Bosworth, 415 So.2d 912 (La. 1981). We find it controlling in this case.
Additionally, we note that the Court in Clark went on to find that the sentencing court should consider the current legislative intent in determining whether the sentence under the statute as it existed prior to its amendment is excessive, and to sentence the Defendant lawfully.
Accordingly, we find no error in the trial court rulings. We remand the case for further proceedings as provided by law.
GRETNA, LOUISIANA, THIS 12th OCTOBER, 2001.
/s/ James L. Cannella
 JUDGE JAMES L. CANNELLA
/s/ Marion F. Edwards
 JUDGE MARION F. EDWARDS
/s/ Susan M. Chehardy
 JUDGE SUSAN M. CHEHARDY
NOTES
[1] The State grounds this appeal on LSA-C.Cr.P. arts. 881.2 and 912.
[2] LSA-R.S. 15:529.1(A)(2)(b)(i) was not amended by 2001 La. Acts 403.
[3] Writs were applied for and granted in the Louisiana Supreme Court. The results are pending.
[4] Although this writ disposition was not published by this Court, a copy of our opinion is attached hereto as "Appendix A".