SUSAN M. CHEHARDY, Judge.
 

 | ^Defendant appeals his convictions and sentences, and counsel for appellant moves to withdraw from this matter. For the reasons that follow, we affirm defendant’s convictions as to all counts and sentences as to the feticide and aggravated battery counts, amend defendant’s enhanced sentence, and affirm that sentence as amended. Further, we remand with instructions. Lastly, we grant counsel’s motion to withdraw.
 

 FACTS AND PROCEDURAL HISTORY
 

 Because the defendant entered guilty pleas and there was no trial, the record contains minimal facts about the offense. However, the record indicates that defendant killed Tanell Williams and her two unborn children on September 20, 2001. Further, defendant committed aggravated battery on Ms. Williams’ twenty-two-month-old son by burning him with hot grease.
 

 On February 28, 2002, the Jefferson Parish grand jury indicted Lendell Junior with one count of second degree murder, in violation of La. R.S.14:30.1; two counts of first degree feticide, in violation of La. R.S. 14:32.6; and one count of aggravated battery, in violation of La. R.S. 14:34. On numerous occasions over lathe next six years, the State and defense moved the trial court to appoint a sanity commission to examine the defendant. The commission examined the defendant at least three times and submitted at least three reports over the years. After several competency hearings, the trial judge found defendant competent to stand trial on August 27, 2008.
 

 On October 27, 2008, defense counsel stated on the record that he was satisfied that his client was competent to go forward with all of the proceedings. Thereafter, defendant withdrew his previous pleas of not guilty and, pursuant to a plea agreement, entered guilty pleas to one count of manslaughter,
 
 [1]
 
 two counts of feticide and one count of aggravated battery. The trial judge sentenced defendant to imprisonment for 40 years at hard labor for manslaughter, 15 years for each count of feti-cide, and 10 years for aggravated battery; to run concurrently, without diminution of the sentences for good behavior.
 

 That same day, the State filed a multiple offender bill of information alleging defendant to be a second felony offender. Pursuant to a plea agreement, defendant
 
 *49
 
 stipulated that he was a second felony offender. Thereafter, the trial court vacated defendant’s manslaughter sentence and imposed an enhanced sentence of 40 years at hard labor without benefit of probation, parole, or suspension of sentence or diminution for good behavior.
 

 Subsequently, on April 23, 2010, defendant filed a Uniform Application for Post-Conviction Relief alleging ineffective assistance of counsel for counsel’s failure to file an appeal and requesting an out-of-time appeal. The trial court granted the out-of-time appeal, pursuant to
 
 State v. Counterman,
 
 475 So.2d 336 (La.1985). This appeal follows.
 

 ^DISCUSSION
 

 Motion to Withdraw
 

 Counsel for defendant filed an
 
 Anders
 
 brief and moved to withdraw. Counsel for defendant avers that, after a conscientious and thorough review of the record, no non-frivolous issue exists to raise on appeal. Counsel for defendant further submits that there is no ruling of the trial court that arguably supports an appeal.
 

 We find that Counsel for defendant fulfilled all the necessary criteria outlined in
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam); and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 
 [2]
 
 “[I]f counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.”
 
 Anders v. California,
 
 87 S.Ct. at 1400.
 
 [3]
 

 The Louisiana Supreme Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 
 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the previewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence.
 
 Id.
 

 In this case, counsel filed a brief detailing the procedural history of the case, a summary of pre-trial hearings and rulings, and a review of defendant’s guilty plea colloquies and sentencing transcripts. Counsel specifically examined the defendant’s sentences, noting that they were imposed in conformity with the plea agreements, so defendant is restricted under the law from appealing those sentences under La.C.Cr.P. art. 881.2(A)(2). Importantly, appellate counsel also noted a patent error with respect to defendant’s enhanced sentence. Specifically, when the trial judge imposed defendant’s enhanced sentence under La. R.S. 15:529.1, the trial judge inadvertently prohibited parole eligibility, which is not proscribed in that statute.
 

 
 *50
 
 Accordingly, following the procedures outlined in
 
 State v. Bradford, supra
 
 at 1110-11, this Court conducted an independent review of the pleadings, minute entries, the bill of information, and transcripts in the appeal record. Upon review, we find that the record has disclosed no non-frivolous issues and no rulings that would arguably support an appeal.
 

 Appellant was properly charged by indictment with violations of La. R.S. 14:30.1, R.S. 14:32.6, and R.S. 14:34. The indictment was signed by the Foreperson of the Grand Jury and an assistant district attorney. Defendant was present and represented by counsel at arraignment, during his guilty plea proceedings, and at sentencing. Defendant waived his right to a jury trial and pled guilty to the amended bill of indictment. His guilty plea and sentence were part of a plea bargain. His sentences were legal as authorized by La. R.S. 14:31, 14:32.6, and 14:34. Additionally, defendant’s habitual offender sentence was also legal | f,pursuant to La. R.S. 15:529.1, except for parole ineligibility on his enhanced sentence, which is corrected by this opinion.
 
 [4]
 
 Defendant also waived his rights in reference to the adjudication on the multiple offender bill of information. Moreover, a defendant cannot seek review of a sentence imposed in conformity with a plea agreement. La.C.Cr.P. art. 881.2(A)(2);
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. The record evidences that defendant has received diligent advocacy from appellate counsel.
 

 Therefore, we find that Counsel conducted a detailed and thorough review of the record and complied with
 
 Anders
 
 and
 
 State v. Jyles,
 
 as Counsel’s brief set forth “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.”
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241 (quoting
 
 State v. Mouton,
 
 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177).
 

 Assignment of Error
 

 As the sole assignment of error, appellate counsel requests a review of the record for patent errors. Additionally, appellate counsel has notified the defendant of her motion to withdraw and has advised defendant of his right to file a
 
 pro se
 
 brief in this appeal. This Court also sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until December 15, 2010 to file a
 
 pro se
 
 supplemental brief. As of May 11, 2011, when this case was submitted, defendant had not filed a
 
 pro se
 
 brief. Because defendant has not filed a separate
 
 pro se
 
 brief raising further issues, this Court’s review is limited to errors on the face of the record pursuant to La.C.Cr.P. art. 920.
 

 17We have found only one that requires correction. As correctly noted by counsel, when the trial judge imposed defendant’s enhanced sentence under La. R.S. 15:529.1, the trial judge inadvertently prohibited parole eligibility. A multiple offender is sentenced according to the law in effect at the time the offense was committed.
 
 State v. Ventress,
 
 01-1165 (La.App. 5 Cir. 4/30/02), 817 So.2d 377, 381-383;
 
 State v. Flagg,
 
 01-965 (La.App. 5 Cir. 3/26/02), 815 So.2d 208, 215. The underlying offense was committed on September 20, 2001. At that time, La. R.S. 15:529.1(G) did not authorize the restriction of parole benefits.
 

 
 *51
 
 An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C.Cr.P. art. 882. Accordingly, we amend the sentence to delete the parole restriction and remand to the trial court for correction of the commitment and transmission of the amended commitment to the Department of Corrections.
 

 CONCLUSION
 

 For the foregoing reasons, defendant’s enhanced sentence is amended to delete parole ineligibility and affirmed as amended. In all other respects, defendant’s convictions and sentences are affirmed. Further, we remand with instructions. Lastly, we grant counsel’s motion to withdraw.
 

 ENHANCED SENTENCE AMENDED AND AFFIRMED AS AMENDED; AFFIRMED IN ALL OTHER RESPECTS; REMANDED WITH INSTRUCTIONS; MOTION GRANTED.
 

 [1]
 

 . On October 28, 2008, the prosecutor amended the first count of the indictment for the homicide of Tanell Williams on September 20, 2001 to manslaughter, in violation of La. R.S. 14:31.
 

 [2]
 

 . The procedure set forth in
 
 State v. Benjamin, 573
 
 So.2d 528, 530 (La.App. 4 Cir.1990), for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 Bradford, supra.
 

 [3]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [4]
 

 . Defendant's sentencing range was in between 0 and 40 years for manslaughter, between 0 and 15 years each for the two counts of first degree feticide, and between 0 and 10 years for the aggravated battery charge. Furthermore, defendant’s sentencing range as a second felony offender under the habitual offender statute was in between 20 and 80 years.