STATE OF LOUISIANA

VERSUS

TONKA HAYNES

NO. 25-KH-379

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

September 17, 2025

Linda Tran
First Deputy Clerk

**IN RE** TONKA HAYNES

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE FRANK A. BRINDISI, DIVISION "E", NUMBER 97-2095

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Timothy S. Marcel

**WRIT DENIED**

Relator, Tonka Haynes, seeks review of the district court's June 24, 2025 ruling which denied his second Motion to Correct Illegal Sentence. For the reasons stated below, relator's writ application is denied.

**Procedural Background**

On October 16, 1997, a jury found relator guilty of attempted second degree murder. On January 23, 1998, the district court sentenced relator to forty-nine years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Following a multiple offender hearing, also held on January 23, 1998, relator was adjudicated a third-felony offender. The district court vacated his original sentence and resentenced him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On February 23, 1999, this Court affirmed relator's conviction and sentence. *State v. Haynes*, 98-588 (La. App. 5 Cir. 2/23/99), 729 So.2d 104. Relator did not file a writ application with the Louisiana Supreme Court.

We note that this is relator's second filed Motion to Correct Illegal Sentence. In his first, filed on June 29, 2018, relator sought relief based upon the Louisiana Supreme Court's decision in *State ex rel. Esteen v. State*, 16-949 (La. 1/30/18), 239 So.3d 233, and the retroactive application of more lenient penalty provisions for habitual offenders.[1] In his first Motion to Correct Illegal Sentence, relator

---

[1] In 2001, the Louisiana Legislature, through Act 403, amended the habitual offender laws to provide for more lenient penalty provisions; however, the amendments were given prospective application. In 2006, the

25-KH-379

claimed that the leniency provisions of La. R.S. 15:308(B) applied retroactively to his case. He specifically argued that he was no longer eligible for a life sentence as a third-felony offender because his prior convictions for possession of cocaine no longer met the requirements of the more lenient provision of La. R.S. 15:529.1(A)(3)(a). The State filed a response and agreed that relator was entitled to be resentenced in accordance with the ameliorative penalty changes in Act No. 403 of 2001 such that he should be resentenced to not less than 33 years 4 months imprisonment without parole and not more than 100 years without parole as a third offender. The district court granted relief and resentenced relator as a third-felony offender to forty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on October 18, 2021.

On June 16, 2025, relator filed the instant Motion to Correct Illegal Sentence with the district court, which asserts that the court relied on "an incorrect sentencing guideline" with respect to the minimum sentence relator faced as a third-felony offender when resentencing him on October 18, 2021. On June 25, 2025, the district court denied relator's motion, finding "no illegality in defendant's sentence, as the actual term of the sentence imposed, 40 years, is clearly within the statutory parameters established by law." In doing so, relator avers that the district court did not address the merits of relator's claim, stating: "Defendant's claim is not cognizable in a motion to correct illegal sentence."

As an initial matter, we find relator's writ application is untimely.[2] The record shows that the writ application was stamped filed with this Court on August 21, 2025, more than thirty days after the district court's June 25, 2025 ruling from which he seeks review. *See* Uniform Rules-Courts of Appeal, Rule 4-3. Further, relator's writ application is deficient in that he failed to file a Notice of Intent to apply for supervisory writs from the district court's ruling and to have the district court set a return date for the writ, as required by Rules 4-2 and 4-3 of the Uniform Rules-Courts of Appeal. Although Uniform Rules-Courts of Appeal, Rule 4-3 provides that we may not consider a deficient application, in the interests of justice and judicial economy, we will consider relator's filing.

**Analysis**

Relator seeks relief under La. C.Cr.P. art. 882(A) which provides that, "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." As discussed above, the district court declined to address the merits of relator's illegal sentence claim, finding that relator's forty-year sentence was "clearly within the statutory parameters established by law."

---

Louisiana Legislature enacted La. R.S. 15:308, which provided that the more lenient penalty provisions enacted by Act 403 applied retroactively to those defendants who committed, were convicted of, or were sentenced for certain enumerated offenses before June 15, 2001, if such application ameliorated the defendant's circumstances. One of the enumerated offenses was La. R.S. 15:529.1(A)(1)(b)(ii), which concerned enhanced life sentences for third-felony offenders. In *State ex rel. Esteen v. State*, 16-949 (La. 1/30/18), 239 So.3d 233, the Louisiana Supreme Court explained that a defendant's remedy for obtaining the ameliorative provisions enacted by Act 403 and made retroactive for certain offenses in La. R.S. 15:308 was through a motion to correct an illegal sentence filed in the district court.

[2] In the instant application, relator maintains that he received a copy of the district court's June 25, 2025 ruling on July 14, 2025. The record indicates that service was made on July 9, 2025.

In his application, relator argues his sentence is illegal based on the district court's alleged misapplication of the sentencing range for a third-felony offender when it resentenced him on October 18, 2021. Relator contends he is entitled to be resentenced in accordance with the multiple offender sentencing provision in effect at the time of his 2021 resentencing, rather than the provision in effect at the time of his 1997 underlying offense of attempted second degree murder.

By way of sentencing background, at the time of relator's offense, March 11, 1997,[3] the combination of relator's conviction for attempted second degree murder and his two prior convictions for possession of cocaine mandated a sentence of life imprisonment as a third-felony offender under then-La. R.S. 15:529.1(A)(1)(b)(ii).[4] La. R.S. 15:308 subsequently made certain ameliorative changes in Act No. 403 of 2001 retroactive, replacing La. R.S. 15:529.1(A)(1)(b)(ii) with the following provision, La. R.S. 15:529.1(A)(3)(b):

> If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

Because relator's prior convictions for cocaine possession no longer qualified him for a mandatory life sentence as a third-felony offender, he was resentenced pursuant to La. R.S. 15:529.1(A)(1)(b)(i), which was not amended by Act No. 403 of 2001. Specifically, that provision provided that "[i]f the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then ... [t]he person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction." As such, relator faced a term not less than thirty-three years and four months imprisonment and not more than one hundred years imprisonment.[5] On October 18, 2021, the district court resentenced relator as a third-felony offender to a forty-year term.[6]

---

[3] *See State v. Junior*, 10-920 (La. App. 5 Cir. 5/24/11), 70 So.3d 47, 50, in which this Court held that a multiple offender is sentenced according to the law in effect at the time the offense was committed. *See also State v. Ventress*, 01-1165 (La. App. 5 Cir. 4/30/02), 817 So.2d 377, 381-83; *State v. Flagg*, 01-965 (La. App. 5 Cir. 3/26/02), 815 So.2d 208, 215. In addition, at the time of relator's October 18, 2021 resentencing, La. R.S. 15:529.1(K)(1), effective date effective August 18, 2018, was enacted, stating: "Except as provided in Paragraph (2) of this Subsection, notwithstanding any provision of law to the contrary, the court shall apply the provisions of this Section that were in effect on the date that the defendant's instant offense was committed."

[4] Specifically, La. R.S. 15:529.1(A)(1)(b)(ii) provided:

> If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation or suspension of sentence.

[5] Relator faced a maximum sentence of no more than fifty years imprisonment for his attempted second degree murder conviction. *See* La. R.S. 14:27; La. R.S. 14:30.1.

[6] Relator's October 18, 2021 resentencing transcript indicates that both relator's counsel and the court stated the sentencing range set forth in La. R.S. 15:29.1(A)(1)(b)(i).

3

Relator's forty-year term as a third felony offender falls well within the sentencing range under the Habitual Offender Law in effect at the time of his offense in 1997. However, in his writ application, relator contends he was entitled to resentencing pursuant to the 2017 version, La. R.S. 15:529.1, as amended by La. Acts 282, which was in effect at the time of his October 18, 2021 resentencing. He claims that under the amendment to La. R.S. 15:529.1(A)(3)(a), he faced a minimum term of twenty-five years.[7] Accordingly, relator maintains that the district court imposed a forty-year sentence under the mistaken belief that the minimum term was thirty-three years and four months rather than a twenty-five-year term. As support for his claim, relator relies on Section 2 of Act 282, which provides, "This Act shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017."

Although relator was initially sentenced as a third-felony offender well before November 1, 2017, he argues that his conviction did not become final until after November 1, 2017, following his resentencing on October 18, 2021. Thus, relator contends that his multiple offender sentence, imposed under the wrong habitual offender provision, is illegal.

Despite relator's claim to the contrary, the Louisiana Supreme Court rejected such an argument in *State v. Kennon*, 19-998 (La. 9/9/20), 340 So.3d 881, which involved the finality of a conviction on subsequent appeal of a habitual offender resentencing. In *Kennon*, the defendant argued that he was entitled to be resentenced under the amended habitual offender statute, which reduced the range of penalties, because his conviction was not yet final as appellate review of his habitual offender sentence was still pending at the time the new law went into effect. The supreme court found otherwise, stating:

> To accept defendant's view that his conviction does not become final until his habitual offender adjudication and sentence become final, despite the fact that appellate review of his conviction has been completed, would require the court to read "offenders whose convictions became final on or after November 1, 2017" in Section 2 of Act 282 as "offenders whose convictions and sentences became final" instead.

*Kennon*, 340 So.3d at 886.

In the instant case, direct review of relator's conviction became final in 1999, when this Court affirmed his conviction,[8] well before November 1, 2017, the date 2017 La. Acts 282 became effective. We find relator was correctly sentenced under the habitual offender statute in effect at the time of the commission of his offense. *See State v. Williams*, 03-571 (La. App. 5 Cir. 11/12/03), 862 So.2d 108, 119, *writ denied*, 04-51 (La. 5/21/04), 874 So.2d 171, in which this Court found: "Where [] the amendment of the sentencing provision of the Habitual Offender Law (La. R.S. 15:529.1, as amended by 2001 La. Acts

---

[7]Specifically, La. R.S. 15:529.1(A)(3)(a) provides that "[i]f the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then ... [t]he person shall be sentenced to imprisonment for a determinate term not less than one-half of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction."

[8] *State v. Haynes*, 98-588 (La. App. 5 Cir. 2/23/99), 729 So.2d 104.

4

403) became effective after the date of commission of the instant offense, the amendment to the habitual offender sentencing provisions does not apply to the habitual offender sentence imposed."

Accordingly, for the foregoing reasons, relator's writ application is denied.

Gretna, Louisiana, this 17th day of September, 2025.

**TSM**
**FHW**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/17/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-KH-379**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Frank A. Brindisi (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Tonka Haynes #338440 (Relator)
Allen Correctional Center
3751 Lauderdale Woodyard Road
Kinder, LA 70648